UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BECKY S. LEICHTMAN )<br>　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　 )<br>　v. )<br>　　　　　　　　　　　　　　　　　　　 )<br>MARTIN J. O'MALLEY )<br>Commissioner of the Social Security )<br>Administration, )<br>　　　　　　　　　　　　　　　　　　　 )<br>　Defendant. ) | CAUSE NO.: 3:23-CV-997-HAB |

**OPINION AND ORDER**

Plaintiff Becky S. Leichtman asks the Court to change its mind after it affirmed the final decision of the Commissioner of the Social Security Administration (Commissioner) dated May 2, 2023 (the "Decision"), which found that Leichtman was not disabled and not entitled to disability benefits. She filed a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment. (ECF No. 26). The motion is fully briefed (ECF Nos. 26, 27, and 28) and ripe for consideration. Because the motion regurgitates arguments previously rejected by the Court and fails to identify any manifest error of fact or law, the motion will be DENIED.

**<u>DISCUSSION</u>**

The Court presumes familiarity with the underlying facts leading to this Court's determination as well as this Court's prior Opinion. (Opinion and Order, ECF No. 23). In affirming the Commissioner's decision, the Court found: (a) "the ALJ provided sufficient reasoning for her conclusion that Dr. Corcoran's opinion was somewhat persuasive"; (b) "the ALJ reasonably found that Dr. Gange's assessment was consistent with the treatment record"; (c) the ALJ reasonably found "Dr. Ehmen's opinion to be somewhat persuasive, but noted that the longitudinal record is

1

not consistent with his opinion that Leichtman would need occasional breaks at work"; (d) the ALJ appropriately rejected Becky's complaints of fatigue because the most recent appointments showed her fatigue was "controlled, improved, and manageable"; (e) "the ALJ reasonably found that Dr. Bertoncini's opinion was not supported by his own treatment records, or consistent with the record as a whole"; and (f) the ALJ reasonably concluded that Becky's long COVID symptoms were not as severe as alleged because objective physical examination findings were normal, there were reports of improvement, and she could do activities of daily living. ECF No. 23, at pp. 7, 9-10, 12-13.

Plaintiff now asks the Court to reconsider several of these conclusions because "Plaintiff believes the Court's decision contains manifest errors of law and fact based on misrepresentations of the record made by Defendant's counsel in the response brief." (ECF No. 26 at 3). Plaintiff asks the Court to review its findings regarding Becky's fatigue, Dr. Bertoncini's opinion, and the ALJ's symptom evaluation.

Under Rule 59(e), a court may reconsider a final judgment (1) based on newly discovered material evidence or intervening changes in the controlling law or (2) to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quotation marks and citations omitted). Rule 59(e), however, does not allow a party to rehash previously rejected arguments. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). Thus, Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing, two grounds for

relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

In an attempt to establish one of the two grounds for relief, Plaintiff asserts that the Court relied on misrepresentations in the Commissioner's brief and that this constitutes a manifest error of fact. The problem with this argument is that Plaintiff had the opportunity to make these arguments in the first instance. The Court read both the record and the briefing presented in this case and determined that the evidence *in the record* supported the Commissioner's decision. Asking the Court to essentially reread the briefs, is not the purpose of a Rule 59(e) motion. Plaintiff acknowledges that she is not making new arguments. (ECF No. 26 at 10). Instead, she quotes extensively from her original briefs and argues that "the Court's existing decision rests on the acceptance of false statements of facts and law advanced by the Defendant's lawyers." *Id.*

This Court entered a thorough Opinion and Order filled with record citations to the medical findings and evidence to support its conclusions. Plaintiff clearly disagrees with this Court's decision; but her remedy is to appeal to the Seventh Circuit, not tell the Court to reread her briefs. Plaintiff's arguments do not clearly establish one of the allowable grounds for relief under Rule 59(e). The motion to alter or amend judgment is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) (ECF No. 26).

SO ORDERED on December 9, 2024.

                                              s/ *Holly A. Brady*
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT